HOLLAND & KNIGHT LLP
Stacey H. Wang, SBN 245195
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450

Attorneys for Petitioners Eric Kwan,
Andras Smulovics, and Andrey Kornakov

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC KWAN, ANDRAS SMULOVICS, AND ANDREY KORNAKOV D/B/A 101 CAR RENTAL, | Case No. MISC |
| | Related to Case No. 2:18-CV-06055-CAS (GJSx) pending in the United States District Court for the Central District of California |
| Petitioner, | |
| v. | |
| UBER TECHNOLOGIES, INC., | **NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA TO UBER TECHNOLOGIES, INC.** |
| Respondent. | |
| TURO INC., | [Declaration of Christina Schwing filed concurrently herewith] |
| Plaintiff, | Discovery Cut Off: March 25, 2022 |
| v. | Pretrial Conference: August 29, 2022 |
| CITY OF LOS ANGELES, | Trial Date: September 27, 2022 |
| Defendant. | |
| CITY OF LOS ANGELES, on its own behalf and on behalf of the People of the State of California, | |
| Counterclaim-Plaintiff, | |
| v. | |
| TURO INC., ERIC KWAN, ANDRAS SMULOVICS, and ANDREY KORNAKOV D/B/A 101 CAR RENTAL, | |
| Counterclaim-Defendants. | |

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA TO UBER TECHNOLOGIES, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**<u>TO ALL PARTIES AND THEIR COUNSEL OF RECORD:</u>**

**PLEASE TAKE NOTICE THAT**, on February 22, 2022 at a time to be determined by the Court, or as soon thereafter as the matter may be heard, in a Courtroom to be assigned, located in the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California, 94102 Petitioners Eric Kwan, Andras Smulovics, and Andrey Kornakov ("Individual Hosts") will, and hereby do, move this Court for an order compelling Respondent Uber Technologies, Inc. ("Uber"), to produce documents in accordance with the document subpoena served on July 2, 2021 pursuant to Federal Rule of Civil Procedure 45, in connection with the action styled as *Turo Inc. v. City of Los Angeles*, Case No. 2:18-cv-6055 pending in the Central District of California, Western District.

Individual Hosts' motion is based on the following grounds:

1. Uber's failure to assert any objections to the subpoena within fourteen days as required by Federal Rule of Civil Procedure 45(d)(2)(B)(i) constitutes waiver.

2. Any geographic objections to the subpoena have also been waived, are moot, or do not apply because the subpoena does not purport to require any person to appear at the production location.

3. Alternatively, even if they had not been waived, Uber's objections are meritless because (a) the documents sought by the subpoena are plainly relevant under the permissive standard applicable to discovery and (b) the redacted information and withheld documents are not confidential or otherwise protectable from discovery.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all cited authorities, pleadings, and papers on file in this action, arguments of counsel, and other materials presented before or during the hearing on this motion, and any other information the Court may consider.

This motion is made following a conference of counsel that complies with both C.D. Cal. L.R. 37-1 and N.D. Cal. L.R. 37-1, which took place on Monday, October 25, 2021, and previous written correspondence on October 12, 2021. The Individual

1   Hosts and Uber were unable to reach an agreement that would obviate the need for this

2   motion.

3   DATED:  January 20, 2022                Respectfully submitted,

4                                            HOLLAND & KNIGHT LLP

5

6   By: _/s/ Stacey H. Wang_
                                                 Stacey H. Wang

7   Attorneys for Petitioners, Eric Kwan, Andras
    Smulovics, and Andrey Kornakov

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND .................................. 1

    A. Discovery Dispute ..................................................................... 3

    B. Meet And Confer Attempts ....................................................... 5

III. LEGAL STANDARD ......................................................................... 6

IV. ARGUMENT ..................................................................................... 6

    A. Uber Waived Any Objections To The Subpoena ................................. 7

    B. The Subpoena Seeks Documents Relevant To The Individual
       Hosts' Defenses ......................................................................... 8

        1. Uber Has No Valid Basis To Redact Driver Dwell-Time
           Data From Documents. ...................................................... 8

        2. Internal Uber Communications Are Not Subject To
           Redaction. ....................................................................... 10

        3. Uber Should Be Compelled To Produce Documents
           Related To Uber Rent. ...................................................... 11

    C. Uber's Other Objections Lack Merit ............................................. 12

V. CONCLUSION ................................................................................. 15

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*CresCom Bank v. Terry*,
  269 F. Supp. 3d 708 (D.S.C. 2017) ...................................................................... 14

*D'Souza v. Marmaxx Operating Corp.*,
  No. 15-cv-256, 2017 WL 1322243 (W.D. Tex. Apr. 7, 2017) ............................ 14

*Deckers Outdoor Corp. v. Romeo*,
  No. 10-cv-8489, 2012 WL 13006014 (C.D. Cal. Jan. 30, 2012) ........................... 7

*Elsom v. Global Life & Accident Ins. Co.*,
  No. 6:17-cv-407, 2018 WL 4092020 (D. Or. Jan. 16, 2018) ............................... 13

*IDX Sys. Corp. v. Epic Sys., Corp.*,
  285 F.3d 581 (7th Cir. 2002) ................................................................................. 9

*InteliClear v. ETC Global Holdings, Inc.*,
  978 F.3d 653 (9th Cir. 2020) ................................................................................. 9

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) ............................................................................................... 6

*Poturich v. Allstate Insurance Co.*,
  Case No. EDCV 15-0081-GW, 2015 WL 12766048 (C.D. Cal. Aug.
  11, 2015) ................................................................................................................. 6

*Premium Service Corp. v. Sperry & Hutchinson Co.*,
  511 F.2d 225 (9th Cir. 1975) ............................................................................ 9, 10

*In re Providian Credit Card Cases*,
  116 Cal. Rptr. 833 (Cal. App. 2002) ..................................................................... 9

*Sams v. GA W. Gate, LLC*,
  316 F.R.D. 693 (N.D. Ga. 2016) ......................................................................... 14

*Sec'y of Labor, U.S. Dep't of Labor v. Kazu Constr., LLC*,
  No. 16-cv-77, 2017 WL 628455 (D. Haw. Feb. 15, 2017) ................................. 14

*Sol v. Whiting*,
  No. 10-cv-1061, 2014 WL 12526314 (D. Ariz. July 22, 2014) ........................... 13

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

*Turo Inc. v. City of Los Angeles*,
    Case No. 2:18-cv-6055 ......................................................................................... 1

*United States v. Brown*,
    223 F. Supp. 3d 697 (N.D. Ohio 2016) ............................................................. 14

*Youtoo Techs., LLC v. Twitter, Inc.*,
    No. 3:17-cv-414, 2017 WL 4079403 (D. Nev. Sept. 14, 2017) ........................... 13

**Statutes**

Los Angeles Municipal Code ("LAMC") ............................................................ 2, 6, 8

**Other Authorities**

California Constitution Article I, section 7 ........................................................ 6, 8

Fed. R. Civ. P. 26(b)(1) ......................................................................................... 6

Fed. R. Civ. P. 45 ............................................................................................. 1, 13

Fed. R. Civ. P. 45(a)(1)(iii) .................................................................................... 6

Fed. R. Civ. P. 45(d)(2)(B)(i) ................................................................................ 6

Rule 45(c)(2)(A) ............................................................................................. 13, 14

Rule 45(d)(2)(B) .................................................................................. 1, 4, 6, 7, 13

U.S. Constitution Fourteenth Amendment ......................................................... 6, 8

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On July 2, 2021, the Individual Hosts served a subpoena for the production of documents pursuant to Federal Rule of Civil Procedure 45 ("Rule 45") seeking six narrowly tailored categories of documents from non-party Uber relevant to the Individual Hosts' defenses in the action styled as *Turo Inc. v. City of Los Angeles*, Case No. 2:18-cv-6055 pending in the Central District of California, Western District (the "Subpoena"). Uber raised no objections to the Subpoena within fourteen days as required by Rule 45(d)(2)(B). In August 2021, Uber produced responsive documents electronically, however, it improperly redacted information for dwell time and internal correspondences and refused to produce responsive documents related to "Uber Rent." Thereafter in September 2021, approximately 60 days after service of the Subpoena, Uber attempted to raise for the first time untimely objections to the Subpoena.

The Individual Hosts seek to compel Uber to produce unredacted versions of the documents that it improperly redacted and to produce responsive documents related to "Uber Rent."[1]

### II.   FACTUAL AND PROCEDURAL BACKGROUND

The Individual Hosts are California residents who share vehicles on Turo Inc. ("Turo"), a web-based platform that allows individuals to share cars on a short-term basis. (SAAC at ¶ 162, ECF No. 80.) The City of Los Angeles (the "City"), which owns and operates the Los Angeles International Airport ("LAX") through its Department of Airports, Los Angeles Work Airports ("LAWA"), sent its first letter to Turo regarding its belief that Turo was impermissibly operating at LAX without a license under the Ground Transportation Rules and Regulations for LAX ("GT Rules and Regulations") on November 7, 2016. (*Id*. at ¶ 193.) The Individual Hosts were

---

[1] The Individual Hosts have relied on the representations of counsel for Uber that all responsive documents other than those related to "Uber Rent" have been produced.

- 1 -

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

1   first notified of the need for a license when they received service of process of the

2   Second Amended Answer and Counterclaims ("SAAC").

3          On July 12, 2018, Turo filed a complaint against the City seeking declaratory

4   relief.  (Compl. at ¶ 14, ECF No. 1.) After obtaining leave to file new counterclaims

5   against the Individual Hosts, the City filed its SAAC against the Individual Hosts on

6   February 21, 2020.  (SAAC, ECF No. 80.) As to the Individual Hosts, the SAAC

7   purports to allege claims for violation of the Los Angeles Municipal Code ("LAMC")

8   and GT Rules and Regulations, (SAAC ¶¶ 205-214), trespass for intentionally

9   entering LAX in order to conduct business or commercial activities there without

10  permission, (SAAC at ¶¶ 215-222), unjust enrichment and unlawful and unfair

11  business practices. (SAAC at ¶¶ 229-244).

12         The City moved for a preliminary injunction against Turo and the Individual

13  Hosts. (ECF No. 89.) Both Turo and the Individual Hosts filed their own Motions to

14  Dismiss the City's Counterclaims and separate oppositions to the City's Motion for

15  Preliminary Injunction. (ECF Nos. 90, 99, 102, 107, 113, 114.) The District Court

16  granted the City's preliminary injunction, but the Ninth Circuit vacated the injunction

17  and remanded the case. (ECF No. 130, 69-1, 143-145.) Discovery has been ongoing.

18         In April 2021, the Individual Hosts became aware of new partnerships between

19  (i) rental car companies and (ii) Transportation Network Companies ("TNCs"), such

20  as Uber. The TNC programs enable LAX customers to rent cars with rental car

21  companies by using the TNC's (*e.g.* Uber's) websites or mobile applications. The

22  rental car companies then facilitate the TNC pickups and drop-offs curbside or at the

23  On-Airport TNC staging lot for transportation to the rental car companies' vehicle

24  lots. Publicly available information on Uber's website reflects that someone using

25  "Uber Rent" can "enjoy $10 off your Uber trip to the rental location." Declaration of

26  Christina Schwing ("Schwing Decl.") at ¶ 5 and Exhibit 1.

27  ///

28  ///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Thus it appears that the City is allowing the TNC Programs to operate in a manner that the City claims the Individual Hosts cannot do - pick up or drop off curbside or at the On-Airport TNC staging lot, including facilitating the TNC rides.

Additionally, Uber is providing "Uber credits" for guests that travel through LAX when they rent a car through Uber using the Uber Rent program. As shown in Exhibit 2 to the Declaration of Christina Schwing ("Schwing Decl."), LAX travelers can use the Uber Rent website to arrange for a rental car at the airport. *Id.* at ¶ 6 and Exhibit 2. The guest then gets picked up curbside at the terminal and receives "10% back in Uber Cash," which can be used for any Uber transaction in the future. *Id.* at ¶ 5.

This is the same type of transaction that the City is prohibiting the Individual Hosts from engaging in. The City argues that the Individual Hosts cannot "arrange" for an LAX passenger to travel from LAX to another location to consummate their business transactions. *See* City Responses to Individual Hosts' Second Interrogatories at No. 13 attached as Exhibit 7 to the Schwing Declaration. The City also argues that the Individual Hosts cannot contract for said services with an entity that has a license agreement to operate at the Airport, for example with Uber. Schwing Decl. at ¶ 15. The Uber Rent program appears to allow for each of these things that the City has said the Individual Hosts cannot do. Discovery into the TNC Programs, including "Uber Rent," is directly relevant to the Individual Hosts' equal protection and unfair competition defenses in this action.

A.   **Discovery Dispute**

On July 2, 2021, the Individual Hosts served the Subpoena on Uber and sought documents in six narrowly tailored topics:

///

///

///

///

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1.  All DOCUMENTS and COMMUNICATIONS between YOU and RENTAL CAR COMPANIES CONCERNING car rentals offered at or near LAX.

2.  All AGREEMENTS between YOU and RENTAL CAR COMPANIES CONCERNING car rentals offered at or near LAX, including but not limited to the Uber Rent program.

3.  All DOCUMENTS and COMMUNICATIONS between YOU and LAWA CONCERNING car rentals offered at or near LAX.

4.  All AGREEMENTS between YOU and LAWA CONCERNING car rentals offered at or near LAX, including but not limited to the Uber Rent program.

5.  All DOCUMENTS and COMMUNICATIONS between YOU and LAWA CONCERNING Uber ExpressMatch.

6.  All AGREEMENTS between YOU and LAWA CONCERNING Uber ExpressMatch.

Schwing Decl. at ¶ 8 and Exhibit 3. The Subpoena indicated the response was due within 14 days of service. Schwing Decl. at ¶ 9 and Exhibit 3. No response or objections were received from Uber within fourteen days, as required by Federal Rule of Civil Procedure 45(d)(2)(B). *Id*. at ¶ 9. It was not until July 27, 2021 that Uber's counsel first contacted counsel for the Individual Hosts. *Id*. On that call, Uber's counsel indicated it did not plan on objecting to the Subpoena, that the Subpoena was narrowly targeted and easy to comply with, and would produce responsive documents electronically. *Id*. Between July 29, 2021 and August 20, 2021, counsel for the Individual Hosts and Uber's counsel spoke numerous times on the telephone and exchanged four different emails. Despite the frequent communication, Uber's counsel never stated it planned on objecting to the Subpoena. *Id*. On August 20, 2021, Uber provided a copy of its Non-Exclusive License Agreement ("NELA") with Los Angeles World Airports ("LAWA") via e-mail. *Id*. at ¶ 10. On August 25, 2021, Uber

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

re-produced the NELA with modified confidentiality markings and a zip file of thirty-one responsive documents and communications, also via e-mail. *Id*. The production also contained redactions, with no explanation or privilege log. *Id*.

These redactions were the first indication that Uber intended to raise belated objections and would refuse to produce additional responsive documents, despite prior statements to the contrary. On September 7, 2021, counsel for the Individual Hosts received responses and objections (dated September 1, 2021) to the Subpoena from Uber (the "Responses")—more than sixty days after the Subpoena was served. *Id*. at ¶ 11 and Exhibit 4.

On September 10, 2021, counsel for the Individual Hosts received a letter from Uber's outside counsel (1) agreeing to produce a partially unredacted version of one of the redacted e-mails, (2) refusing to re-produce unredacted versions of the remaining documents, (3) making an assortment of objections based on relevance and confidentiality, (4) refusing to produce any documents related to "Uber Rent," and (5) threatening to seek sanctions if the Individual Hosts file a motion to compel relating to the Subpoena. *Id*. at ¶ 12 and Exhibit 5 ("Sept. 10 Letter").

**B.     Meet and Confer Attempts**

On October 12, 2021, counsel for the Individual Hosts sent a detailed letter to Uber's outside counsel requesting to meet and confer in good faith and to ideally, eliminate the need for or at least narrow the scope of the current motion. *Id*. at ¶ 13 and Exhibit 6. The letter identified the following issues in dispute: (1) improper redactions; (2) Uber's failure to produce documents related to Uber Rent; and (3) Uber's untimely and groundless objections to the Subpoena. *Id*. Uber did not provide a written response to the letter. *Id*. Uber's counsel asked for extensions before agreeing to meet and confer. *Id.* at ¶ 14. On October 25, 2021, on a telephonic meet and confer, Uber's outside counsel confirmed that Uber would continue to refuse to provide unredacted documents or additional documents requested in the Subpoena. *Id*. at ¶ 14.

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

III.  **LEGAL STANDARD**

A party may serve a subpoena on a non-party for the production of documents and electronically stored information in the custody, control or possession of the non-party. Fed. R. Civ. P. 45(a)(1)(iii). Any objections by the non-party must be made before the earlier of the time specified for compliance in the subpoena or fourteen days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "Failure to serve timely objections waives all grounds for objection." *Poturich v. Allstate Insurance Co.*, Case No. EDCV 15-0081-GW (KKx), 2015 WL 12766048 (C.D. Cal. Aug. 11, 2015).

A party may obtain discovery of "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), a relevant matter is "any matter that 'bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Poturich*, 2015 WL 12766048 at *2 (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Relevancy is construed liberally with an eye toward allowing discovery. *See id*. A party may move for an order compelling production of documents. Fed. R. Civ. P. 45(d)(2)(B)(i).

IV.  **ARGUMENT**

The Subpoena seeks documents which are directly relevant to the Individual Hosts' defenses to the City's claims. The City's Counterclaim against the Individual Hosts includes purported claims for violation of the LAMC and GT rules and Regulations, trespass, unjust enrichment and unlawful and unfair business practices. The Individual Hosts have raised a number of affirmative defenses, including that the City's claims are barred by the equal protection clauses of the Fourteenth Amendment of the U.S. Constitution and Article I, section 7 of the California Constitution. This Motion is limited to seeking to compel Uber to produce unredacted information regarding dwell times and internal email communications along with

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 6 -

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA TO UBER TECHNOLOGIES, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

documents regarding Uber Rent. As explained below, the information sought is relevant to the Individual Hosts' defenses.

### A.  <u>Uber waived any objections to the Subpoena</u>

As a threshold matter, Uber has waived any objections to the Subpoena, including any basis to withhold documents showing dwell times, internal e-mail communications, and documents concerning its Uber Rent program. Rule 45(d)(2)(B) states any objections by a person commanded to produce documents by a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."

The Subpoena was served on July 2, 2021, and Uber was required to serve any objections no later than July 16, 2021. The objections served on September 1, 2021 are untimely, and, have been waived. *See, e.g., Poturich,* 2015 WL 12766048 at *2 (C.D. Cal. Aug. 11, 2015) (failure to object within the time required waived any objections); *Deckers Outdoor Corp. v. Romeo*, No. 10-cv-8489, 2012 WL 13006014, at *2 n.1 (C.D. Cal. Jan. 30, 2012) ("Failure to serve written objections to the subpoena within the time specified constitutes a waiver of the objections."). There are no unusual circumstances that would excuse Uber's waiver. Indeed, Uber intentionally relinquished its right to object to the Subpoena when it informed counsel for the Individual Hosts that it did not plan on objecting and that it found the Subpoena narrowly targeted. Schwing Decl. at ¶ 9. The documents requested are relevant to the claims and defenses in this action, and Uber has already produced some responsive documents. Uber also failed to contact the Individual Hosts regarding the Subpoena (or serve objections) until well after the deadline expired. Uber is a large, publicly traded company with sophisticated in-house and outside legal counsel who are experienced in responding to third party subpoenas.

On this basis alone, the disputed redactions for dwell time and internal email in Uber's production are improper and must be removed. For the same reasons, Uber must produce documents related to its Uber Rent program.

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**B.**     **The Subpoena Seeks Documents Relevant to the Individual Hosts' Defenses**

The City's Counterclaim against the Individual Hosts includes alleged violations of the LAMC and GT rules and Regulations, trespass, unjust enrichment and unlawful and unfair business practices. The Individual Hosts have raised a number of affirmative defenses, including that the City's claims are barred by the equal protection clauses of the Fourteenth Amendment of the U.S. Constitution and Article I, section 7 of the California Constitution. *See* Individual Hosts' Answer at pp. 16-21 (Dkt. No. 140). As explained below, the information sought is relevant to the Individual Hosts' defenses.

**1.**     **Uber has no valid basis to redact driver dwell-time data from documents.**

"Dwell time" in this context refers to the amount of time a vehicle involved in a transaction sits curbside at LAX. Uber redacted certain documents that appear to apply to dwell-time data.[2] Even if Uber had not waived its objections, there is no valid basis to object to production of documents with dwell-time data.

The dwell times for transactions permitted at LAX are directly relevant to the burdens such transactions impose on LAX, which, in turn, is a factor that must be considered in evaluating the propriety of a government-imposed fee for activity at LAX. The propriety of the fees the City seeks to impose on the Individual Hosts is a critical issue in this action. Dwell times are also directly relevant to the City's claim that the Individual Hosts and other Turo users have contributed to congestion at LAX and to determining the magnitude of that contribution relative to the activity of other ground transportation operators. *See e.g.* Counterclaims at ¶¶ 212-213, 239-244 (Dkt.

---

[2] The documents have the following file names: "Copy of LAX ExpressMatch Dwell Time Summary_Redacted," "Copy of LAX ExpressMatch Dwell Time Summary_v1_Redacted," and "Uber Mail - Uber Express-Match Pilot Extension (2)_Redacted."

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA TO UBER TECHNOLOGIES, INC.

1  No. 80) and Individual Hosts' Answer at ¶¶ 212-213, 239-244 and pp. 18-19 (Dkt.

2  No. 140).

3       Uber's contention that dwell-time data is "confidential and sensitive trade

4  secret information" is unsupported. The amount of time a vehicle involved in a

5  transaction sits curbside at LAX is inherently public. It is readily ascertainable

6  through direct observation, including by Uber's patrons. *See, e.g., InteliClear v. ETC*

7  *Global Holdings, Inc.*, 978 F.3d 653, 660 (9th Cir. 2020) ("Items . . . that 'any user or

8  passer-by sees at a glance' are 'readily ascertainable by proper means' and therefore

9  'hard to call trade secrets.'" (*quoting IDX Sys. Corp. v. Epic Sys., Corp.*, 285 F.3d

10  581, 584 (7th Cir. 2002))). Moreover, Uber's production indicates this information

11  was shared with LAWA with no evidence of any confidentiality other than a

12  unilateral designation on the produced spreadsheets, further undercutting any

13  showing of secrecy. *See, e.g., In re Providian Credit Card Cases*, 116 Cal. Rptr. 833,

14  842 (Cal. App. 2002) ("If an individual discloses his trade secret to others who are

15  under no obligation to protect the confidentiality of the information . . . his

16  proprietary right is extinguished." (internal quotation marks omitted)).

17       In any event, production under the protective order applicable to the case

18  addresses Uber's alleged confidentiality and trade secret concerns. On August 20,

19  2021, counsel for the Individual Hosts provided a copy of the case's protective order

20  to Uber and advised that it could produce documents pursuant to the terms of the

21  protective order, which provide for an attorney's eyes only designation if appropriate.

22  Schwing Decl. at ¶ 10. Thus, any concerns regarding trade secrecy can be addressed

23  by applying the appropriate confidentiality designations.

24       Uber's reliance in its Sept. 10 Letter on *Premium Service Corp. v. Sperry &*

25  *Hutchinson Co.*, 511 F.2d 225 (9th Cir. 1975), is misplaced. *Premium Service* does

26  not announce a blanket right to corporate privacy but, instead, merely explains that a

27  district court does not abuse its discretion in refusing to permit "sweeping" requests

28  for "every paper touching on any relationship" between the subpoena target and a

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

party to the case. *Id*. at 229. In *Premium Service*, the issuing party's need of the information did not outweigh the burdens imposed by the subpoena. Here, by contrast, the Subpoena is narrowly targeted and easy to comply with, as Uber's own counsel acknowledged. Schwing Decl. at ¶ 9.

### 2.      Internal Uber communications are not subject to redaction.

Uber also redacted what appears to be internal Uber communications.[3] The mere fact that e-mail communications were "exchanged internally between Uber employees" does not alone warrant redactions. Uber's contention that such communications are "in no way relevant" and "confidential," is incorrect.

Communications about Uber's operations at LAX and agreements with LAWA are directly relevant to the Individual Hosts' defenses.

Moreover, the fact that these communications are "private" does not warrant redactions. Nothing about the communications indicates they are confidential or proprietary.[4] The absence of a privilege log prevents the Individual Hosts from evaluating the validity of Uber's claim that the documents are confidential. In fact, the context suggests these are routine communications—the emails bear no confidentiality designation, are not sequestered in separate e-mail chains, and do not appear to involve anything secret or proprietary.

Regardless, any concerns about the confidential nature of the internal e-mails can be addressed by appropriate confidentiality designations pursuant to the operative protective order.

---

[3] The documents have the following file names "Copy of Uber Mail - Uber ExpressMatch Follow-up_Redacted," "Uber Mail - ExpressMatch 9-9-2020 (1)_Redacted," "Uber Mail - ExpressMatch at LAX_Re-dacted," "Uber Mail - FW_Uber tweet_Redacted," and "Uber Mail - MDS Phase II Follow Up_Re-dacted."
[4] Because of the format of the production, it is impossible to tell if the purported "internal" communications were included in email chains that were subsequently sent to LAWA personnel. To the extent the "internal" emails were later included in emails to third parties, they have already been disclosed and have lost any confidential or internal character they may have once had.

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA TO UBER TECHNOLOGIES, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Uber's reference in its Sept. 10 Letter to *Theofel v. Farey-Jones* is inapposite and irrelevant. 359 F.3d 1066 (9th Cir. 2004). *Theofel* involved an "objectively baseless" subpoena that was "transparently and egregiously overbroad" filed in connection with "sham litigation." *Id*. at 1079. *Theofel* does not suggest that any subpoena that seeks the contents of internal e-mails is, for that reason, egregiously overbroad, nor is there any basis to deem the Subpoena here "objectively baseless." Again, Uber's own counsel recognized that the Subpoena was narrow and easy to comply with, and Uber has already identified a small number of documents responsive to the Subpoena; it is simply a matter of producing them in unredacted form.

### 3.      Uber should be compelled to produce documents related to Uber Rent.

Uber refused to produce any documents relating to Uber Rent on the basis that it has no communication with LAX or LAWA about this program and such documents are "not relevant in any way."

Again, as a threshold matter, Uber failed to assert timely objections to the Subpoena and cannot object to the production of documents based on relevance or confidentiality. Even if Uber's objections were timely, they are meritless. The documents sought involve agreements with rental car companies operating at LAX, namely agreements with Hertz, Avis, and CarTrawler. The Individual Hosts need to understand the nature of the program, these agreements, and LAWA's treatment of the program to determine whether LAWA has applied its regulations and license requirements in a fair and non-discriminatory fashion, whether the fees LAWA has sought to collect from the Individual Hosts are reasonable and proportionate to the benefits and burdens of the regulated activity, whether the alleged activity is unfair to rental car companies and others, how activity by Turo users at LAX may affect congestion and safety, and a host of other critical issues.

///

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Uber insists that the Individual Hosts are "not entitled to Uber's confidential trade secret and/or private information," but it has not even attempted to show how the documents and agreements at issue could qualify as trade secrets or why producing them subject to appropriate confidentiality designations would not address any genuine concerns Uber may have about confidentiality.

Uber's reliance in its Sept. 10 Letter on *Echostar Commc'ns Corp. v. News Corp. Ltd.* is misplaced. 180 F.R.D. 391 (D. Colo. 1998). *Echostar* involved subpoenas seeking "broad categories of documents," and the "extreme breadth" of the requests was critical to the court's fact-intensive decision. *Id.* at 393. The court noted that "the costs for the requested discovery could easily run into the tens (or hundreds) or thousands of dollars," and the party that issued the subpoena did not contest that the "revenue projections, price forecasts, pricing options, evaluations of proposed capital structures and analyses" it sought qualified as trade secrets. *Id.* at 395 (internal quotation marks omitted).

Here, by contrast, the Uber Rent documents and agreements constitute a narrow category, and there is no indication producing such documents would impose burdens anything like those at issue in *Echostar*. Uber did not raise any burden concerns during the meet and confer telephone conference. Schwing Decl. at ¶ 14. Uber also has not identified anything in the documents and agreements that would qualify for trade secret protection (or explained why confidentiality designations would not allay any concerns related to confidentiality).

## C.    <u>Uber's Other Objections Lack Merit</u>

Uber's Responses purport to raise other objections - none have merit. For example, Uber asserts generalized objections based on attorney-client privilege or the work-product doctrine in every response, but it has never explained how any of the information at issue could be privileged or work product. Similarly, Uber provides no explanation for how the Subpoena seeks discovery beyond the scope of Federal or Local Rules. Uber's boilerplate burdensomeness objections are belied by the small

- 12 -

number of documents at issue and Uber's counsel's own judgment that the Subpoena is narrow and easy to comply with. *Id*. at ¶ 9. Uber's objection that the documents sought are either already publicly available or more reasonably obtained from parties to this lawsuit is meritless, particularly with regard to the document Uber produced in redacted form. Redaction of information necessarily implies the information is not already publicly available.

Uber also asserts in paragraph 8 of the Responses' General Objections that the Subpoena is "invalid on its face insofar as it demands production in native format in violation of the geographic scope set forth in Rule 45." This objection lacks merit for multiple reasons.

First, as discussed above, Uber waived any objection to the place of compliance by failing to meet the 14-day deadline for objections under Rule 45(d)(2)(B). This waiver applies with equal force to objections based on the 100-mile rule. *See, e.g., Sol v. Whiting*, No. 10-cv-1061, 2014 WL 12526314, at *2 (D. Ariz. July 22, 2014) ("[N]othing in Rule 45 or elsewhere suggests that the rules for asserting timely objections do not apply when the 100-mile rule is the basis for an objection."). Uber compounded its waiver by producing documents electronically without asserting or reserving any objection based on the place of compliance. *Youtoo Techs., LLC v. Twitter, Inc.*, No. 3:17-cv-414, 2017 WL 4079403, at *2 (D. Nev. Sept. 14, 2017) ("[A] subpoenaed third party can waive a 100-mile objection by agreeing to transmit production by electronic means. . . . If SGM intended to invoke its objection based on the 100-mile provision, it should not have agreed to nevertheless produce documents electronically . . . .").

Second, numerous courts have held that Rule 45(c)(2)'s geographic limitations do not apply to subpoenas, like the Subpoena here, that do not require any person to travel or appear at the production location. *See, e.g., Elsom v. Global Life & Accident Ins. Co.*, No. 6:17-cv-407, 2018 WL 4092020, at *2 (D. Or. Jan. 16, 2018) ("Rule 45(c)(2)(A)'s 100–mile boundary does not apply where, as here, the subpoenaed

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

person is not instructed to also appear at the production location along with the requested documents."); *CresCom Bank v. Terry*, 269 F. Supp. 3d 708, 713 (D.S.C. 2017) (same); *Sec'y of Labor, U.S. Dep't of Labor v. Kazu Constr., LLC*, No. 16-cv-77, 2017 WL 628455, at *12 (D. Haw. Feb. 15, 2017) ("[T]he 100-mile geographical limitation applies only to travel by a subpoenaed person, not to a situation where the subpoenaed records could be mailed or shipped." (internal quotation marks omitted)); *United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016)(same).

Third, as stated in the Subpoena's cover letter, the Individual Hosts' agreement to accept a production electronically renders any geographical objection by Uber moot. *See, e.g., Sol*, 2014 WL 12519787, at *2 (finding a geographic objection "moot because Plaintiffs agreed that [the third party] could produce responsive records at a location somewhere near Phoenix within 100 miles of his home or business or electronically through email").

Finally, if grounds for a geographical objection exist, it justifies modifying the Subpoena's place of compliance; it is not a basis for Uber to refuse to produce responsive documents or information. *See, e.g., D'Souza v. Marmaxx Operating Corp.*, No. 15-cv-256, 2017 WL 1322243, at *6 (W.D. Tex. Apr. 7, 2017) (ordering the parties to "confer and agree on a proper place and cost-effective method of production, including electronic means"); *Sams v. GA W. Gate, LLC*, 316 F.R.D. 693, 696 (N.D. Ga. 2016) ( "[V]iolation [of the 100-mile rule] does not require that the subpoena be quashed; the court may modify the subpoena to comply with" Rule 45(c)(2)(A)). Uber's other boilerplate and non-specific objections likewise fail to justify Uber's redactions to the produced documents or its refusal to produce any documents related to Uber Rent. For instance, Uber's objection to the phrase "near LAX" as vague and ambiguous does not explain Uber's blanket refusal to produce any documents related to Uber Rent. Similarly, Uber's objection that the Requests are "not limited in scope as to time" is misguided, as the Requests clearly seek

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA
TO UBER TECHNOLOGIES, INC.

documents related only to the time period during which Uber was operating Uber ExpressMatch and Uber Rent.

## V. **CONCLUSION**

For these reasons, the Individual Hosts request an Order compelling Uber to produce unredacted versions of the documents it produced regarding dwell-time data and internal email communications and to produce documents relating to Uber Rent.

DATED:  January 20, 2022

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _/s/ Stacey H. Wang_
             Stacey H. Wang

Attorneys for Petitioners
Eric Kwan, Andras Smulovics, and Andrey Kornakov

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENA TO UBER TECHNOLOGIES, INC.